CAMPBELL, Chief Judge.
Appellant, a licensed real estate broker-salesman, appeals the summary judgment entered against him in his action to collect a real estate commission. We affirm.
Appellee, Paul Kickliter, on behalf of himself and the other appellees as owners of real property, entered into a listing agreement with James Reale, a licensed real estate broker. The agreement provided that Reale would be paid a commission upon securing a purchaser for the property. Appellant was employed as a “broker- *951 salesman” by another real estate broker. He was not an employee of Reale. Appellant, allegedly in cooperation with Reale, secured a purchaser for the property and Reale assigned appellant fifty percent of any commission to become due under the listing agreement.
Appellant and Reale began this action against appellees to collect the real estate commission they alleged to be due. The trial judge granted appellees’ motion for summary judgment and entered summary judgment against appellant only on the ground that section 475.42(1)(d), Florida Statutes (1987) prohibits a real estate salesman from maintaining an action to collect a real estate brokerage commission. We agree. Although appellant was employed as a “broker-salesman,” under the applicable statutes, one cannot operate as both a broker and a salesman at the same time. Section 475.01(1)(e), Florida Statutes (1987) defines “broker-salesman” as a person qualified to be licensed as a broker but who operates only as a salesman in the employ of another. Section 475.215(1), Florida Statutes (1987) provides that a licensed broker may not be issued a license as a salesman or as a broker-salesman. Section 475.-42(l)(c), Florida Statutes (1987) provides that a license as a salesman may only be issued to a person licensed as an active broker upon surrender of the broker’s license.
The section relied upon as dispositive by the trial court, section 475.42(1)(d), provides as follows:
(d) No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesman, whether the holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the salesman performed the act or rendered the service for which the commission or compensation is due.
Clearly, the legislature has prohibited a real estate salesman from maintaining any action to collect a real estate brokerage commission except from his employer at that time. Campbell v. Romfh Bros., Inc., 182 So.2d 466 (Fla. 2d DCA 1961).
Appellant attempts unsuccessfully to equate the circumstances in this case with those in Newcomer v. Rizzo, 163 So.2d 312 (Fla. 3d DCA 1964). The circumstances in this case differ greatly from those in Newcomer. First, in Newcomer, the defendants attempted to defend on the basis of the provisions of section 475.41, not 475.-42(1)(d), which invalidates commission contracts where the broker or salesman is not properly licensed. Such was not the case here. Second, in Newcomer, the obligation for the brokerage commission that arose by virtue of an option to purchase contract had been supplanted by a promissory note. Prior to the issuance of the note called for by the contract, the broker assigned a portion of his right to a commission to one of the broker’s salesmen. The salesman thereafter, and also prior to the execution of the promissory note, assigned his assignment to third parties. At closing, the note called for by the contract in payment of the commission was executed and made payable to the broker and the third parties. Subsequently, the third parties brought suit to collect the note. The Newcomer court held that while the salesman could not have enforced any agreement for compensation between the broker and the salesman because of section 475.41, the third parties were not so foreclosed because they acquired no rights by virtue of the commission agreement.
In contrast, in the case before us, the assignment was for a percentage of the commission due and the cause of action was based solely on the brokerage contract to collect the commission due.
AFFIRMED.
DANAHY and FRANK, JJ., concur.